Filed 05/13/26

VERMONT SUPERIOR COURT

Bennington Unit
207 South St
Bennington VT  05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01280

---

**Jeffrey Rivard v. State of Vermont et al.**

---

## ENTRY REGARDING MOTION

Title:          Motion to Amend Judgment or Alter PURSUANT TO V.R.C.P. 59(e) (Motion: 37)
Filer:          Jeffrey M Rivard
Filed Date:     January 10, 2026

Plaintiff, Jeffrey Rivard, has filed a *Motion to Alter or Ament Judgment* (Motion 37). Defendant State[1] has not filed any response.  Defendant Town[2] appeared at the hearing and presented its view on the matter.[3]  For the following reasons, the motion is denied.

Mr. Rivard filed a motion to seal the record in this case by redacting the docket number of a criminal case which appears throughout the record.  This docket number refers to a criminal record which was expunged after Mr. Rivard initiated the litigation in this docket.  The litigation in this docket is based upon claims which arose during the course of an arrest in the criminal case.  The court denied the motion, finding Mr. Rivard had not shown good cause under the factors described in *In re Sealed Documents*.  See *In re Sealed Documents*, 172 Vt. 152, 161–62 (2001).  Mr. Rivard filed this motion to alter or amend the judgment and requested a hearing. The court granted the hearing under V.R.P.A.C.R. 9(a)(4).

Rule 59(e) "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." *N. Sec. Ins. Co. v. Mitec Elecs., Ltd.*, 2008 VT 96, ¶ 41 (noting that the "narrow aim of Rule 59(e) is to make clear that the [trial] court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment") (citations omitted).  "A Rule 59(e) motion must clearly establish either a manifest

---

[1] 'The State' or 'Defendant State' refers collectively to the parties the State of Vermont and Court Clerk Olander throughout this decision.

[2] 'The Town' or 'Defendant Town' refers collectively to the parties the Town of Brattleboro and Officer Ryan Washburn throughout this decision.

[3] Mr. Rivard filed a supplemental pleading after the hearing to address the Town's concerns.  Mr. Rivard did not file the required motion to request the court allow the supplemental pleading.  See V.R.C.P. 15(d).  Mr. Rivard also apparently failed to properly serve the parties, as there is no certificate of service for this document.  V.R.C.P. 5(a). The court cannot consider the filing.  However, the court finds Mr. Rivard's refiled certificate of service from January 29, 2026 fully addressed the concerns raised by the Town.  See *infra* n.4.

error of law or fact or must present newly discovered evidence." *Sutton v. Purzycki*, 2022 VT 56, ¶ 67, 217 Vt. 326 (internal quotation marks omitted). The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Mr. Rivard raises the following errors of fact and law as basis for the court to amend the judgment and seal this record.[4] First, he states the court has not considered the requirements of 13 V.S.A. §§ 7606–07 on the civil record. Second, the court did not consider how Vermont Rules for Public Access to Court Records 6(b) should inform the court's thinking on good cause for sealing. Third, the court must consider newly discovered evidence of harm caused by the accessibility to court records.[5] For these reasons, he requests the court reconsiders its findings regarding the application of the factors from *In re Sealed Documents*, and alter the denial of the previous motion by granting the motion.

As to Mr. Rivard's first point, in the previous decision the court considered the effect of one of the two statutes mentioned. The statute describing the effect of sealing a criminal record, 13 V.S.A. § 7607, does not apply to the information Mr. Rivard seeks to seal in the civil docket, because the criminal record mentioned in this civil complaint has been expunged rather than sealed. As this case is one of civil sealing, rather than criminal sealing, the court must assess whether the effect of the expungement statute shows good cause under the factors of *In re Sealed Documents*. *In re Sealed Documents*, 172 Vt. 152, 161–62 (2001).

In the prior decision, the court discussed the statute describing the effect of expungement of a criminal record, 13 V.S.A. § 7606, and determined that the criminal record had been expunged, and the information in this docket was no more than is already in the special index under 13 V.S.A. § 7606(d)–(e). The docket number would not give an unauthorized person access to the expunged criminal file. Therefore, the practical concerns resulting from the mention of the docket number in this case are still protected against by 13 V.S.A. § 7606(e)(3) and 13 V.S.A. § 7606(c). See *Entry Regarding Mot.* at 3.

Upon reconsideration, while the criminal statute could create a presumption that the expunged criminal record is a threat to "the interests of . . . individual privacy," *Sealed Documents*, 172 Vt. at 161 (quoting *Cowles Pub. Co. v. Murphy*, 96 Wash.2d 584, 637 P.2d 966

---

[4] At the hearing, the Town presented the view it did not oppose or support either Mr. Rivard's current motion to alter the judgment, or the underlying motion to seal. However, the Town raised its concern that Mr. Rivard still had not confirmed service had been made on all parties. V.R.P.A.C.R. 9(a)(3)(E). Mr. Rivard confirmed service by filing a certificate of service which indicated that he served the counsel of record for the Town and Officer Washburn and the counsel of record for the State and Court Clerk Olander through the File and Serve function. *Certificate of Service* (Jan. 29, 2026); V.R.E.F. 11(g); V.R.C.P. 5(h). The certificate of service in the court record serves as adequate proof Mr. Rivard had complied with the obligations of the rule when serving the *Motion to Alter or Amend Judgment*.

[5] As his fourth and final point, Mr. Rivard requested a hearing. Mr. Rivard has also raised that a case name in this court's previous decision was not properly cited. The court will issue a corrected version of the decision.

(1981), Mr. Rivard has not shown his privacy has been threatened by the mention of the associated docket number in this civil case. The case law requires a showing of particularized harm rising from, in this instance, the presence of the criminal docket number in the civil docket Mr. Rivard initiated on the basis of the events surrounding the criminal case. *Id.* at 161–162 (citing cases requiring specific reasons to seal information in the public record). The court cannot escape how the case began, which shows Mr. Rivard believed his interest in confidentiality was outweighed by the need to litigate, and thereby place the mentioning of the criminal docket in the civil division's record. See *In re Essex Search Warrants*, 2012 VT 92, ¶ 18, 192 Vt. 559 (discussing demonstration of compelling need for confidentiality).

The expungement statute that Mr. Rivard points to includes multiple safeguards against the docket number revealing information from the expunged record. See, e.g., 13 V.S.A. § 7606(c)(3) (destroying criminal record once expunged). The statute appears to protect against a specific harm which could arise from the record itself, and what has been mentioned of that record in this docket is still no more than a docket number which is part of the special index, and the events that are the basis of this case which Mr. Rivard initiated. See *Essex*, 2012 VT 92, ¶ 29 (discussing showing of specific harm). The *Essex* case is instructive in this instance. There, the court denied sealing of a search warrant because it found the State could not demonstrate good cause as to specific reasons it requested sealing. The Vermont Supreme Court reversed the decision because the State had demonstrated a specific need, based on the active investigation in the case, which disclosure of the search warrants would jeopardize by "by depriving police of the use of nonpublic information to, among other things, identify possible suspects, corroborate new information, and recognize false confessions." *Id.* at ¶ 15.

Mr. Rivard has stated that he has a privacy interest in the criminal case, one which he has treated in the same manner as other protected privacy interests, such as medical record privacy, when making it the crux of the former litigation in this docket. Mr. Rivard has given the court no further specifics about how a mentioned docket number threatens that interest, particularly as the criminal case has been expunged, and the docket number will not reveal the specifics of that criminal case by operation of the expungement statute. In the *Affidavit of Support* (Jan. 10. 2026), Mr. Rivard makes various allegations about non-parties and parties in this case but neglected to connect the alleged actions to the information he seeks to seal in this docket by clear and convincing evidence. *In re Sealed Documents*, 172 Vt. 152, 161 (2001) ("[G]eneral allegations of harm are insufficient.").

With the exception of the newly imposed traffic citation, discussed below, these allegations appeared to rehash the claims of the civil case against either new parties, or the non-parties as agents of an existing party. A Rule 59(e) motion may not be used as an excuse to renew litigation. *Veljovic v. TD Bank, N.A.*, 2025 VT 38, ¶ 16 ("However, a Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (internal quotation marks omitted)). This is particularly so for litigation disposed of in June of 2024, and currently in a post-judgment phase under a motion for sealing. Mr. Rivard has not demonstrated a specific threat, or need for confidentiality purely on the basis of 13 V.S.A. § 7606. Therefore, the court still cannot find good cause on Mr. Rivard's first point.

As to the second point, the court did not expressly mention V.R.P.A.C.R. 6(b)(1) in the previous decision, though it did discuss the analogous issue created by medical records under Rule 6(b)(3). Rule 6(b)(1) exempts information and records from cases which have been expunged from being part of the public record. V.R.P.A.C.R. 6(b)(1) reflects the effects of 13 V.S.A. § 7606, which the court did discuss, and, as reiterated above, the docket number of a previously expunged case still exists in the court's maintained record through the special index. See 13 V.S.A. § 7606(d)(1). The court also considered the issue of the exceptions to the public record embodied by Rule 6(b) when it discussed the analogous issue of the presence of medical records in publicly accessible court documents. See *Entry Regarding Mot.* at 3–4. This discussion was prompted by the exceptions listed in Rule 6(b), among them, medical records, V.R.P.A.C.R. 6(b)(3), a subject more extensively litigated than issues regarding Rule 6(b)(1).

Considering how Rule 6(b) functions, all but one of the exceptions that are listed under Rule 6(b) require sealing of individual documents, or full case records from: expunged cases, V.R.P.A.C.R. 6(b)(1), search warrants, V.R.P.A.C.R. 6(b)(2), medical records, V.R.P.A.C.R. 6(b)(3), information initiating criminal proceedings not supported by probable cause, V.R.P.A.C.R. 6(b)(4), risk assessment screenings, V.R.P.A.C.R. 6(b)(5), financial information, V.R.P.A.C.R. 6(b)(6), protective order proceedings, V.R.P.A.C.R. 6(b)(7), judicial work product, V.R.P.A.C.R. 6(b)(9), certain discovery records, V.R.P.A.C.R. 6(b)(10), non-publicly accessible transcripts, V.R.P.A.C.R. 6(b)(11), non-publicly accessible evidence, V.R.P.A.C.R. 6(b)(12), juror's written responses, V.R.P.A.C.R. 6(b)(13), ex parte motions, V.R.P.A.C.R. 6(b)(14), records related to in camera review motions, V.R.P.A.C.R. 6(b)(15), confidential business information, V.R.P.A.C.R. 6(b)(16), and certain proposed exhibits, V.R.P.A.C.R. 6(b)(17).

Actual records from the expunged case are not available in this docket, and therefore the exception of Rule 6(b)(1) does not apply. The information subject to individual redaction mentioned in V.R.P.A.C.R. 6(b)(8) is specific to definitions of protected personal information contained within subdivision (b)(8) and does not include the information Mr. Rivard seeks to redact. See V.R.P.A.C.R. 6(b)(8) (protecting only social security numbers, passport numbers, tax payer identification numbers, financial account numbers, and the names of minor victims in criminal cases). The court does not find Rule 6(b) changes its reading of how the factors of *In re Sealed Documents* apply to Mr. Rivard's motion.

Mr. Rivard's third point touches on the main reason the court could not grant the previous motion. Mr. Rivard has not been able to show particularized harm caused by the presence of the docket number in this record. See *Entry Regarding Mot.* at 3. In Mr. Rivard's affidavit, he states a police office gave him a traffic citation on January 9, 2026. He supported his affidavit with other evidentiary filings. This is an event that occurred after Mr. Rivard filed the motion to seal and is newly discovered evidence within Rule 59(e).

However, none of the evidence shows that the presence of the docket number of an expunged criminal case in the record of this civil docket caused the citation. As Mr. Rivard has not proved the information that he seeks to redact has caused him particularized harm, see *In re Sealed Documents*, 172 Vt. 152, 161 (2001) ("[G]eneral allegations of harm are insufficient."), the court cannot alter its judgment on that ground.

**Order**

Plaintiff's Motion 37 is denied.

The court's *Entry Order* (Jan. 6, 2026) will be reissued with the corrected case citation.

**Signed electronically May 13, 2026 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**